## Bailey's Estate

*Charles E. Workman,* for petitioner.
*K. L. Shirk,* contra.

APPEL, P. J., October 10, 1935.—Hannah A. Bailey died November 26, 1934, leaving a will of which Marguerite I. Oblender was named executrix. On November 30, 1934, the will was probated and letters testamentary granted by the register of wills to the executrix named. On June 27, 1935, a petition was presented by the executors of Andrew H. Hershey, deceased, a creditor of Hannah A. Bailey, deceased, alleging that said executrix has not filed either inventory or account as required by the Fiduciaries Act of June 7, 1917, P. L. 447. The petition asks that the executrix be removed and letters granted to her be vacated and that she be directed to file an account. A rule was granted to which the executrix on July 19, 1935, filed an answer. The answer admits that Andrew H. Hershey is a mortgage creditor of Hannah A. Bailey, deceased, said mortgage being duly entered in the recorder's office upon which there is due the sum of $2,700 with interest from October 1, 1934. The answer further avers that there are no personal assets in her hands belonging to said deceased, but admits there is real

estate belonging to decedent, being house and lot no. 902 North Prince Street, Lancaster, and that the mortgage of petitioners is a first lien on said property. A hearing of said rule was had on October 3, 1935. From the testimony produced it appears there are unpaid taxes due the tax collector of Manheim Township assessed against said real estate for the years 1934 and 1935 amounting to $80.

The notes of hearing show the following agreement and admissions of counsel for petitioners and counsel for respondents:

"It is admitted by counsel representing petitioners and respondents that if Mr. C. G. Engle were called, sworn, he would testify as follows: That the rents from 902 North Prince Street, being the property of the late Hannah A. Bailey, were paid to Hannah A. Bailey as long as she lived, and after her death were paid to Mr. Shirk, from December 1934; that the property rents for $21 per month and checks were sent to Mr. Shirk each month to August 31, 1935; nine months' rent, less $3.20 for repairs, $3.25 for repairs, and $14.55 for repairs, and less five percent commission on the $21 per month.

"Mr. Shirk admits that he received the rents from Engle & Hambright for the property of the Hannah A. Bailey estate, and that he is attorney for Marguerite I. Oblender, executrix of the will of Hannah A. Bailey, deceased, and for Marguerite I. Oblender, as devisee under the will of Hannah A. Bailey, deceased."

Inasmuch as K. L. Shirk, attorney, admits that he received the rents as above set forth and that he is counsel of record for Marguerite I. Oblender, executrix of Hannah A. Bailey, deceased, it must be held that these payments were made to the executrix. They are therefore assets in her hands to be accounted for by her. It is true Mr. Shirk also states that he also represents Marguerite I. Oblender as devisee under the will of Hannah A. Bailey. The responsibility of the executrix is first to the estate of which she is a fiduciary. This is superior to any claim she may have as an individual. This statement ap-

plies as well to her counsel. If these interests conflict she must withdraw as executrix. There can be no divided responsibility.

At this time we will discharge the rule to show cause why Marguerite I. Oblender should not be dismissed as executrix and make absolute the rule to file an account. She is directed to file to next term an account of the rents which she received or which her accredited counsel received for her, as set forth in the above agreement.

Costs to await the adjudication of the account.

From George Ross Eshleman, Lancaster.